**Stephen GUMPL, et al., Plaintiffs,**

v.

**Richard P. SEITER, et al., Defendants.**

**No. C–1–85–1432.**

United States District Court,
S.D. Ohio, W.D.

Nov. 3, 1987.

Alphonse A. Gerhardstein, Cincinnati, Ohio, for plaintiffs.

Stephen W. Gumpl, S.O.C.F., Lucasville, Ohio, pro se.

Sylvester Milner, L.C.I., London, Ohio, pro se.

Frederick C. Schoch, Asst. Atty. Gen., Columbus, Ohio, for defendants.

ORDER

HERMAN J. WEBER, District Judge.

This matter is before the Court upon defendants' Motion to Dismiss (doc. no. 9), defendants' Supplemental Memorandum (doc. no. 64), addendums and supporting pleadings, plaintiffs' Reply (doc. no. 13), plaintiffs' Memorandum in Opposition (doc. no. 66), Memo Contra (doc. no. 69), and all supporting pleadings, and defendants' Motion to Stay Discovery (doc. no. 41). As noted by defendants, plaintiff's supplemental memoranda (doc. nos. 67 and 68) merely reiterate previous contentions and draw this Court's attention to recent decisions on the subject of this lawsuit. As this Court is bound to follow all Supreme Court decisions and decisions from the United States Court of Appeals for the Sixth Circuit, the Court does not find it grossly unfair to consider them.

Plaintiffs are inmates at Southern Ohio Correctional Facility ("SOCF") housed in the Protective Custody Section. Although their original Complaint contained allegations of Constitutional violations in at least 12 distinct areas, it is the Court's understanding that plaintiffs now challenge only the constitutionality of the recreation and exercise policy for inmates in protective custody at SOFC. Inmates in protective custody are not permitted any outdoor recreation but they are permitted two one-hour "walklines" per week during which they are permitted to walk on the range.

The United States Magistrate ordered the Motion to Dismiss (doc. no. 9) converted to a motion for summary judgment (doc. no. 19) and permitted plaintiffs to file additional affidavits opposing the motion. Accordingly, it shall be addressed as a motion for summary judgment in this Order.

The defendants request the Court to grant summary judgment in this case on the issues of the constitutionality of the recreation and exercise policy for inmates in protective control and defendants' entitlement to the defense of good faith immunity.

A motion for summary judgment should be granted only if the affidavits, pleadings, depositions and admissions demonstrate that there is no genuine issue as to any material fact and that the movant is entitled to summary judgment as a matter of law. Fed.R.Civ.P. 56(c). *See Smith v. Hudson*, 600 F.2d 60 (6th Cir.)., *cert. denied*, 444 U.S. 986, 100 S.Ct. 495, 62 L.Ed.2d 415 (1979). The burden is on the movant to establish conclusively that no genuine factual dispute exists. *Id.* at 63. The Court must determine if there is a genuine issue as to a *material* fact, not merely *any* fact. *Kendall v. The Hoover Company*, 751 F.2d 171 (6th Cir.1984). The evidence and inferences drawn therefrom must be read in the light most favorable to the non-moving party. *Id. See also Adickes v. Kress & Co.*, 398 U.S. 144, 157, 158–59, 90 S.Ct. 1598, 1608–09, 26 L.Ed.2d 142 (1970); *United States v. Diebold*, 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962) (per curiam).

■ In this case, the Court is, as always, mindful that the function of a federal court in an action challenging prison conditions under the Eighth Amendment, is not "how best to operate a detention facility," nor to decide what is most desirable for the inmates. *Rhodes v. Chapman*, 452 U.S. 337, 351, 352, 101 S.Ct. 2392, 2402, 69 L.Ed.2d 59 (1981). Rather, a court's function under the Eighth Amendment standards is to determine the *"minimal* civilized measure of life's necessities." *Id.* at 347, 101 S.Ct. at 2399 (emphasis added). In respect, then, to the yard controversy, the trial court must seek the *minimum* amount of yard time necessary for the inmates' well-being under minimal civilized standards. *See, e.g., Spain v. Procunier*, 600 F.2d 189 (9th Cir. 1979). *Walker v. Mintzes*, 771 F.2d 920 (6th Cir.1985).

The United States Court of Appeals for the Sixth Circuit instructed in *Patterson v. Mintzes*, 717 F.2d 284 (1983) that:

It is generally recognized that a total or near-total deprivation of exercise or recreational opportunity, without peneological justification, violates Eighth Amendment guarantees.

*Id.* at 289. The policy at issue would appear to fit this description. It is incumbent upon the Court then, to determine whether there is sufficient peneological justification.

■ The resolution of this question requires further factual inquiry and additional discovery. This precludes a finding that defendants are entitled to summary judgment as a matter of law, at this point, and also provides the issue of material fact which remains in this case, that is, the feasibility of outdoor or even increased indoor recreation without jeopardizing the prison's security interests, whether there are areas adjoining protective custody where those inmates could be secluded from the general population.

Summary judgment on the issue of qualified immunity must also be denied at this point. The Supreme Court has instructed the Court in *Anderson v. Creighton*, —— U.S. ——, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987), that such a determination must be based on a finding that "a reasonable official would understand that what he is doing violates [a Constitutional] right." *Id.* at 3039. As discussed earlier in this opinion, a further factual inquiry is required for the Court to determine if, in fact, the policy regarding recreation opposed in this case is Constitutional. The law is clearly established that inmates are entitled to recreation. The issue of fact remaining is whether the present recreational policy, which does not meet minimal standards, is peneologically justified. It is impossible, therefore, to rule, as a matter of law, that a reasonable prison official could have be-

756

lieved it to be valid to have initiated and enforced such a policy in light of the established law and information available to them at the time. It is beyond peradventure that if, in fact, there is a feasible alternative available, this is the wanton infliction of unreasonable restrictions proscribed by the Eighth Amendment and therefore a violation of established law. The Court cannot accept defendants' generalized denial of this fact, alone, as a basis for granting summary judgment.

For the reasons stated above, the defendants' Motion to Dismiss (doc. no. 9) is DENIED and defendants' Motion to Stay Discovery (doc. no. 41) is DENIED.

A conference is hereby SET for Thursday, November 12, 1987 at 10:30 a.m. for the purpose of setting a trial date.

IT IS SO ORDERED.